

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 29, 1951

Hon. Claude Isbell
Executive Secretary
Board of Regents
State Teachers Colleges
Austin, Texas

Opinion No. V-1333

Re: Legality of using
certain appropriat-
ed funds of South-
west Texas State
Teachers College to
finance teacher train-
ing in conjunction
with San Marcos Inde-
pendent School District.

Dear Sir:

You have requested an opinion concerning
the authority of Southwest Texas State Teachers Col-
lege to expend funds for teacher training purposes,
in the supervision of student practice teaching,
from the item in its biennial appropriation for
"Resident Instruction, Salaries Only" or from the
items appropriated for "General Operating Expenses"
under either of the following arrangements:

1. For direct salaries to teachers em-
ployed by the San Marcos Independent School District
for a portion of the year, the salaries for the re-
mainder of the year to be paid by the San Marcos
Public Schools, or

2. Under a contract with the San Marcos
Independent School District for teacher training
privileges, the amount to be paid in a lump sum
direct to the school district.

The appropriation item for "Resident In-
struction, Salaries Only" appears in the current
biennial appropriation for Southwest Texas State
Teachers College (Art. V., H.B. 426, Acts 52nd Leg.,
R.S. 1951, ch. 499, p. 1228, at p. 1455) under the
heading of "General Administration, Salaries Only."
Under a second heading, "General Operating Expenses",
the following items are listed:

"General Revenue Appropriation for general
operating expenses.................  . ..

"Plus estimated other income for general
operating expenses...............  . . ."

We shall consider first the question of
payment of a sum to the San Marcos Independent
School District under a contract with the district.

Article 2647c, V.C.S., provides:

" . . . the Board of Regents of the
State Teacher Colleges of Texas, or the
governing Body of any other State support-
ed teacher training institution, and the
trustees of any independent school dis-
trict shall be empowered to enter into
contracts whereby the said teacher colleges
may use the public schools of said inde-
pendent school districts as laboratory
schools for training of teachers; provided
further that the available local funds of
such colleges or the local funds of such
school districts may be used in the pur-
suance and performance of such contracts."

This statute was originally enacted in
1945 (Acts 49th Leg., 1945, ch. 177, p. 234) and
was amended in 1950 (Acts 51st Leg., 1st C.S. 1950,
ch. 49, p. 120).  These acts recited as the neces-
sity for their passage as emergency measures the
fact that " there is at present no authority" for
the making of the contracts therein authorized.
The governing boards of the State-supported insti-
tutions of higher learning have only such authority
as has been granted to them by the Legislature.
Since these acts stated that no authority existed
for the making of such contracts, we should accept
this statement as a legislative expression that
authority had not been granted to the governing
boards by any other statute.  It is our opinion
that the authority granted in Article 2647c is
exclusive and that contracts for this purpose be-
tween teacher training institutions and independent
school districts must be made in accordance with
Article 2647c.

Article 2647c authorizes the expenditure
of the local funds of the college in the perform-
ance of such contracts.  The local funds of the
Southwest Texas State Teachers College are the

funds collected at the institution "in carrying out the functions of an educational institution". Article 2654d, V.C.S.  Examples of income comprising local funds are listed in Article 2654d. Section 31 of Article V, House Bill 426, supra, at page 1472, requires that certain of these local receipts be deposited in the State Treasury, to be credited to a separate fund account for the institution depositing the funds.[1]  Sections 2 and 31 of Article V appropriate these local funds to the respective institutions.  The item listed in the appropriation for the Southwest Texas State Teachers College as "Plus estimated other income for general operating expenses" under the heading of "General Operating Expenses" is an appropriation of the amounts deposited in the State Treasury under Section 31.  That this is an appropriation of local funds and not of funds from the General Revenue is clearly demonstrated by the fact that the amount of estimated income is not included in the General Revenue appropriation total at the foot of the various amounts appropriated for the Southwest Texas State Teachers College.

Section 30 of Article V, House Bill 426, at page 1472, defines "General Operating Expenses" as meaning "necessary operating expenses for General Administration; necessary operating expenses and salaries for instructional departments other than resident instructional salaries; salaries and necessary operating expenses for extension and correspondence teaching, libraries, and organized activities related to instruction; . . ."  We think this definition is sufficiently broad to permit the expenditure of these appropriated local funds for teacher training purposes authorized by Article 2647c.

In view of these various statutory provisions, it is our opinion that the Southwest Texas State Teachers College may enter into a contract with the San Marcos Independent School District for teacher training purposes and may pay for the services rendered under the contract direct to the

_____

[1]The provisions of Section 31 are the same as those contained in Section 3 of Senate Bill 435, Acts 52nd Leg., R.S. 1951, ch. 474, p. 841, a general statute regulating the handling of institutional receipts of State institutions of higher education.

school district out of the appropriation item "Plus estimated other income for general operating expenses." However, this amount may not be paid out of the item for "Resident Instruction, Salaries Only" or out of the item "General Revenue Appropriation for general operating expenses", which are appropriations from the General Revenue Fund of the State.

We shall next consider whether the college may use either of these appropriation items for payment of direct salaries for a portion of the year to teachers employed by the San Marcos Independent School District, the salaries for the remainder of the year to be paid by the school district.

Section 33 of Article XVI, Constitution of Texas, provides:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State . . ."

Section 3 of Senate Bill 435, and Section 31 of Article V, House Bill 426, supra, provide in part:

" . . . All moneys /local funds of the college/ so deposited in the State Treasury shall be paid out on warrants drawn by the Comptroller of Public Accounts, as is now provided by law."

In view of this provision, the local funds deposited in the State Treasury and appropriated under the item "Plus estimated other income for general operating expenses" are on the same footing as the items appropriated from the General Revenue Fund with regard to the prohibition contained in Section 33 of Article XVI of the Constitution.

A school teacher of an independent school district holds a "position of honor, trust or

profit" within the meaning of Section 33, Article XVI of the Constitution. Att'y Gen. Ops. V-834 (1949), V-325 (1947), O-2607 (1940). These opinions further hold that a person may legally serve as part-time instructor in a State-supported college and at the same time serve as a part-time teacher in a school district where the duties of each position are not inconsistent, but in so doing he forfeits all right to any salary he might have been entitled to as college instructor from funds in the State Treasury, because Section 33 of Article XVI, supra, forbids the drawing of a State warrant in his favor.

In Att'y Gen. Op. O-4433 (1942), it was held that this constitutional provision prohibited the Comptroller from issuing a warrant in favor of a public school teacher for part-time services as a critic teacher in the teacher training program of a State institution conducted through the public schools. While the fact situation presented in your request is different, in that under the present proposal the teacher would receive only the salary paid by the college during a particular pay period, we think the same rule is applicable.

Your letter states that the teachers performing these services are employed by the San Marcos Independent School District. It cannot be questioned that the teacher's amenability to the public school authorities is not affected by a consideration of whether he is being paid by the college or by the school district. It would be unrealistic, as well as extremely undesirable, to conclude that the teacher ceased to be an employee of the school district during the time he was being paid by the college. We are of the opinion that he would continue to hold a position of honor, trust, or profit within the meaning of the quoted constitutional provision.

From the foregoing, it follows that funds appropriated to the Southwest Texas State Teachers College which are to be paid out of the State Treasury may not be expended in payment of direct salaries to teachers of the San Marcos Independent School District for part-time or full-time services in the teacher training program of the college.

However, we are of the opinion that it would be lawful for an independent school district operating under a contract with a college in accordance with Article 2647c to supplement the salaries of teachers rendering services under the contract from the amount paid by the college. The funds paid to the school district would become local funds of the district. Article 2827, V.C.S. Article 2647c authorizes the school district to use its local funds in the operation of such a cooperative program. This plan of payment would not be contrary to the prohibition of Section 33 of Article XVI of the Constitution, since it would not require the State Comptroller to draw a State warrant in favor of a person who holds at the same time any other position of honor, trust, or profit under the State. Att'y Gen. Op. V-759 (1949).

## SUMMARY

The Southwest Texas State Teachers College may expend its local funds appropriated under the item designated "Plus estimated other income for general operating expenses" in Article V, H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, at p. 1455, for the operating expenses of a teacher training program under a contract with the San Marcos Independent School District as authorized by Article 2647c, V.C.S. Funds appropriated from the State's General Revenue Fund may not be expended for that program.

A teacher employed by an independent school district may not be issued a State warrant as salary or compensation for either part-time or full-time services performed in a college's teacher training program. Tex. Const., Art. XVI, Sec. 33.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By *Chester F. Ollison*

Chester E. Ollison
Assistant

CEO:mh